**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ADAM THEALL,

                            Petitioner,

       - v -                                              9:17-CV-1185
                                                                      (MAD/DJS)

DALE ARTUS,

                            Respondent.
_____

**APPEARANCES:**                              **OF COUNSEL:**

ADAM THEALL
Petitioner *Pro Se*
10-B-3532
Attica Correctional Facility
Box 149
Attica, New York 14011

HON. LETITIA JAMES                    LISA E. FLEISCHMANN, ESQ.
Attorney General for the State of New York    PAUL B. LYONS, ESQ.
Attorney for Respondent                   Assistant Attorney General
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

*Pro se* Petitioner Adam Theall was convicted upon a guilty plea of murder in the second degree. Dkt. No. 15, State Court Record ("SR") at pp. 1-28.[2] Petitioner seeks a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on the sole ground that the state

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Citation to the state court record is in the form "SR." followed by the page numbering provided by Respondent.

trial court judge who presided over his plea and sentence had not properly filed his oath of office[3] and, therefore, lacked authority to adjudicate Petitioner's case. Dkt. No. 9, Second Amended Petition ("Sec. Am. Pet.") at p. 5.[4]  Respondent has filed a Memorandum of Law in Opposition to the Petition.  Dkt. No. 13, Resp. Mem. of Law. Petitioner has filed a Traverse.  Dkt. No. 16.  For the reasons that follow, this Court recommends that the Petition be **denied.**

## I. BACKGROUND

On September 30, 2010, Petitioner pled guilty to a single count of Murder in Second Degree for shooting his three-month-old son.  SR. at pp. 1-28.  Petitioner was subsequently sentenced to an indeterminate term of twenty-five years to life in prison.  *Id.* at pp. 30-46.  Petitioner then appealed to the New York Appellate Division, Fourth Department.  *Id.* at p. 51.  On appeal, Petitioner raised questions about the sufficiency of his plea allocution, whether his plea was knowing and voluntary, and whether the sentence was unduly harsh.  *Id.* at pp. 121-136.  The Appellate Division affirmed.  *People v. Theall*, 109 A.D.3d 1107 (4th Dep't 2013).  The New York Court of Appeals denied leave to appeal.  22 N.Y.3d 1159 (2014).

Petitioner then brought a *coram nobis* proceeding in the Appellate Division, Fourth Department alleging ineffective assistance of counsel.  *See* SR. at pp. 191-218.  That application was denied.  *People v. Theall*, 128 A.D.3d 1425 (4th Dep't 2015).  The New York Court of Appeals again denied leave to appeal.  26 N.Y.3d 972 (2015).

---

[3] This allegation is made in purely conclusory form.
[4] Citations to the Petition are to the page numbers assigned by the Court's CM/ECF system.

## II.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003).  A federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The Second Circuit has summarized the application of the standard of review under AEDPA as follows:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief:  1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled?  2) If so, was the state court's decision "contrary to" that established Supreme Court precedent?  3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).  The standard of review under § 2254(d) is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010).  "[A] state

prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The phrase "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  A state court decision is "contrary to" established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts."  *Id.* at 413.  A state court decision is an "unreasonable application" of established Supreme Court precedent "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."   28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001).

### III. DISCUSSION

Generally, "a petitioner must exhaust his state court remedies before seeking habeas relief."  *Wilson v. Heath*, 938 F. Supp. 2d 278, 294 (N.D.N.Y. 2013).  To do so a petitioner "must 'fairly present' his claim in each appropriate state court (including a state

4

supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Petitioner's sole claim in this proceeding has not previously been raised by him in any state court proceeding. *See* Sec. Am. Pet. at pp. 6-7. The claim, therefore, is unexhausted. The Court need not further address the exhaustion question here, however, because where the claim is not one cognizable on federal habeas review, the Petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *see also Mosley v. Superintendent of Collins Corr. Facility*, 2015 WL 277133, at *11 (N.D.N.Y. Jan. 22, 2015); *Robinson v. Artus*, 674 F. Supp. 2d 435, 444 (W.D.N.Y. 2009).

Federal habeas corpus relief is available solely for the violation of federal constitutional rights. *Tankleff v. Senkowski*, 135 F.3d 235, 246 (2d Cir. 1998). The Amended Petition alleges no violation of federal law. Instead it relies solely on New York Public Officers Law section 30. *See* Sec. Am. Pet. at p. 5   A claim that an official lacked authority because they had not complied with a state law oath of office requirement is clearly not one implicating a federal right and is not a cognizable basis for federal habeas relief. *Atkins v. Gonyea*, 2014 WL 199513, at *3 (S.D.N.Y. Jan. 17, 2014) ("petitioner's claim is solely a state law claim for which federal habeas provides no remedy"); *Cantu v. Cockrell*, 2003 WL 21478790, at *10 (N.D. Tex. June 23, 2003).[5] For this reason, the Court recommends that the Petition be denied.

---

[5] Petitioner's claim would appear to lack merit in any event in light of New York Public Officers Law section 15 which deems official actions valid even in the absence of a properly executed oath of office. *See*, *e.g.*, *Gilmartin*

## IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Second Amended Petition (Dkt. No. 9) be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[6] and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  November 25, 2019
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

*v. Tax Appeals Tribunal*, 31 A.D.3d 1008, 1010 (2006); *Matter of Delehanty*, 202 Misc. 33, 35, 605 (Sup. Ct. N.Y. Co. 1952).

[6] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").