**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ADAM THEALL,

                                          Petitioner,

  vs.                                                                 9:17-CV-1185
                                                                                     (MAD/DJS)

DALE ARTUS,

                                          Respondent.

---

**APPEARANCES:**                                               **OF COUNSEL:**

ADAM THEALL
10-B-3532
Attica Correctional Facility
Box 149
Attica, New York 14011
Petitioner *pro se*

**HON. LETITIA JAMES**                           **PAUL B. LYONS, AAG**
New York State Attorney General
New York Office
28 Liberty Street
New York, New York 10005
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

       On October 25, 2017, *pro se* Petitioner, Adam Theall, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1. In his petition, Petitioner raises the sole claim that the state trial court judge who presided over his plea and sentence had not properly filed his oath of office and, therefore, lacked authority to adjudicate Petitioner's case. *See* Dkt. No. 9, Second Amended Petition ("Sec. Am. Pet.") at p. 5.

       Specifically, Petitioner challenges his conviction following his September 30, 2010 guilty plea to a single count of Murder in Second Degree. *See* Dkt. No. 9 at 1-2. As noted in Magistrate

Judge Stewart's Report-Recommendation and Order, Petitioner was sentenced to an indeterminate term of twenty-five years to life in prison. *See id.*; Dkt. No. 17 at 2. Petitioner appealed to the New York Appellate Division, Fourth Department, and raised issues regarding (1) the sufficiency of his plea allocution; (2) whether his plea was knowing and voluntary; and (3) whether the sentence imposed was unduly harsh. *See People v. Theall*, 109 A.D.3d 1107 (4th Dep't 2013). The Appellate Division affirmed his conviction. *See id.* at 1107. Leave to appeal to the New York Court of Appeals was denied on March 26, 2014. *See People v. Theall*, 22 N.Y.3d 1159 (2014).

Petitioner then brought a *coram nobis* proceeding in the Appellate Division, Fourth Department alleging ineffective assistance of counsel. *See* Dkt. No. 17 at 2. That application was denied. *People v. Theall*, 128 A.D.3d 1425 (4th Dep't 2015). The New York Court of Appeals again denied leave to appeal. *See People v. Theall*, 26 N.Y.3d 972 (2015). On October 25, 2017, Petitioner filed a federal habeas petition. *See* Dkt. No. 1.

In a Report-Recommendation and Order dated November 25, 2019, Magistrate Judge Stewart recommended that the Court dismiss the instant petition in its entirety. *See* Dkt. No. 17. Magistrate Judge Stewart found that Petitioner's sole claim in this proceeding had not been previously raised in any state court proceeding, and that as a result, the claim is not exhausted. *See id.* at 5. Magistrate Judge Stewart further found that Petitioner's claim must ultimately fail because federal habeas corpus relief is available solely for the violation of federal constitutional rights, and Petitioner's Amended Petition alleged no violation of federal law. *See id.*

On November 28, 2019, Petitioner objected to the Report-Recommendation and Order. *See* Dkt. No. 18. Petitioner's objections to the Report-Recommendation and Order are contained

in a five-page, handwritten answer, which reiterates the same arguments set forth in previous filings, without additional factual or legal support. *See id.*; *see also* Dkt. No. 9.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). Further, "where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error." *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007) (citations omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Having reviewed Magistrate Judge Stewart's November 25, 2019 Report-Recommendation and Order, the parties' submissions and the applicable law, the Court concludes that Magistrate Judge Stewart correctly recommended that the Court should dismiss the instant petition in its entirety. Magistrate Judge Stewart properly determined that the Amended Petition alleges no violation of federal law, and instead relies solely on New York Public Officers Law Section 30. *See* Dkt. No. 9 at 5. As Magistrate Judge Stewart noted, federal habeas corpus relief is available solely for the violation of federal constitutional rights. "[A] federal court may entertain a state prisoner's habeas corpus petition only to the extent that the petition alleges custody in violation of the Constitution, laws, or treaties of the United States." 28 U.S.C. § 2254(a). Magistrate Judge

Stewart determined that Petitioner's claim alleges no violation of federal law, but is based entirely on the New York State Public Officers Law. *See* Dkt. No. 17 at 5. As a result, the claim is not proper for federal habeas review. *See id*. A claim that an official lacked authority because they had not complied with a state law oath of office requirement is not one that implicates a federal right and thus does not provide a cognizable basis for federal habeas relief. *Atkins v. Gonyea*, No. 12 Civ. 9186, 2014 WL 199513, *3 (S.D.N.Y. Jan. 17, 2014); *Cantu v. Cockrell*, No. 3:02-cv-2002, 2003 WL 21478790, *10 (N.D. Tex. June 23, 2003).

Further, "a petitioner must exhaust his state court remedies before seeking habeas relief." *Wilson v. Heath*, 938 F. Supp. 2d 278, 294 (N.D.N.Y. 2013). In order to do so, the petitioner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In addition, where the claim is not one that is cognizable on federal habeas review, the Petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *see also Mosley v. Superintendent of Collins Corr. Facility*, No. 9:11-cv-1416, 2015 WL 277133, *11 (N.D.N.Y. Jan. 22, 2015); *Robinson v. Artus*, 674 F. Supp. 2d 435, 444 (W.D.N.Y. 2009). As Magistrate Judge Stewart noted, Petitioner's sole claim in this proceeding has not been raised in any prior state court proceeding, and consequently, is unexhausted. *See* Dkt. No. 17 at 5; *see also* Dkt. No. 9 at 6-7.

Finally, Petitioner's claim would appear to lack merit in light of New York Public Officer's Law Section 15, which deems official actions valid even in the absence of a properly executed oath of office. *See e.g. Gilmartin v. Tax Appeals Tribunal*, 31 A.D.3d 1008, 1010 (3rd Dep't 2006).

4

The Court notes that 28 U.S.C. § 2253(c)(1) provides, in relevant part, that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"[1] 28 U.S.C. § 2553(c)(1). A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2).

Since Petitioner has failed to make such a showing with regard to his claim, the Court declines to issue a Certificate of Appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

After carefully considering Magistrate Judge Stewart's Report-Recommendation and Order, Plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED**; and the Court further

---

[1] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." Fed. R. App. P. 22(b)(1).

**ORDERS** that no Certificate of Appealability shall be issued with respect to Petitioner's claim; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 19, 2020
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge